IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

    Plaintiff,                        No. CIV S-05-1823 RRB GGH PS

    vs.

UNITED STATES OF AMERICA, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Previously pending on this court's law and motion calendar for November 10, 2005, was defendant's motion to dismiss, filed September 22, 2005.  Because the matter did not require oral argument, it was vacated from the calendar.  Plaintiff, proceeding pro se, has not filed an opposition. Upon review of the motion and the documents in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Local Rule 78-230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Finally, Local Rule 83-183, governing persons appearing in propria persona, provides that persons representing themselves

1

are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction.

By order of September 12, 2005, plaintiff was cautioned that failure to obey local rules or orders of this court might result in dismissal of this action. Plaintiff has filed no opposition, although court records reflect plaintiff was properly served with notice of the hearing date at plaintiff's address of record. Pursuant to this court's prior order and the local rules, therefore, the court deems the failure to file an opposition as a non-opposition to the pending motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).[1] The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

In determining to recommend that this action be dismissed, the court has considered the factors set forth in Ghazali. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Defendant is prejudiced by the inability to reply to opposition. Moreover, delay is nearly always prejudicial. The court has advised plaintiff of the requirements under the Local Rules and that this action is subject to dismissal, to no avail. The court therefore concludes that there is no suitable alternative less drastic sanction to dismissal.

---

[1] Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

Furthermore, a district court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). The public's interest in expeditious resolution of litigation and the court's need to manage its docket direct that this case be dismissed. Moreover, plaintiff has done nothing to lessen the risk of prejudice to the defendant, and has prevented this court from disposing of his case on the merits. The court has advised plaintiff of the Local Rules requirements, warned that this action is subject to dismissal, and given plaintiff ample opportunity to prosecute the action, all to no avail. The court therefore concludes that there is no suitable less drastic sanction. Plaintiff has failed to prosecute this action.

Moreover, the court has reviewed defendant's motion, and finds that it has merit.

Accordingly, IT IS RECOMMENDED that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 2/1/06

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076
Fallon1823.mtd.wpd